WALLACE, JUDGE:
This claim was filed by the claimants, Frances J. Larch and her husband, William E. Larch, against the Department of *292 Natural Resources for injuries received by Mrs. Larch on May 30, 1976, in North Bend State Park. The park, maintained by the respondent, is located in Ritchie County, approximately two miles from Cairo, West Virginia.
On the day of the accident, the claimants had gone to the park to fish along the banks of the North Fork of the Hughes River which meanders through the park. They had driven from their home in Vienna, West Virginia, and arrived at the park at 1:30 p.m. The weather was clear and calm. They parked their automobile beside a paved road within the park, and proceeded on foot around a locked gate some 12 feet from the road. The two then continued along the bed of an abandoned railroad, left the roadbed, and went through an open area, used by deer, to the river, a distance of some 400 to 600 yards. They traveled approximately 15 feet down the bank to the river. Along both sides of the roadbed were a natural growth of brush and small and large trees.
The area was marked as a wildlife sanctuary. There were no signs indicating that it was a “no fishing” area. Mr. Larch testified that he had fished in the area many times over a period of four or five years, and that he had seen other people fishing there.
The claimants fished beside the river for about three hours. Mrs. Larch was sitting on a gravel bar in the river while fishing, and her husband was a few feet up the stream. As she was sitting on the gravel bar, Mrs. Larch was injured when a dead limb or a portion of a dead tree on top of the river bank fell without warning, striking her on her left side and knocking her down.
A small boy, in the area at the time, ran to the park lodge for help. After leaving instructions to notify the Harrisville Emergency Squad of the occurrence of an accident, the park superintendent, Robert F. Rogers, proceeded to find the area of the accident. The superintendent searched the area and located the claimants on the river bank. After advising the claimants that help was on the way, he returned to his vehicle to direct the emergency squad to the scene of the accident. When the emergency squad arrived, Mr. Rogers unlocked the *293 gate to permit the vehicle to proceed as close as possible to the accident scene. The claimants proceded to the Camden-Clark Hospital in Parkersburg.
Superintendent Rogers testified that the area in which the claimants were fishing was part of the area reserved as a wildlife sanctuary, and was not an area designated for fishing. He further stated that the area was not patrolled nor maintained as were other sections of the park.
From the record, the Court finds that the respondent was not negligent in the maintenance of the area where the accident occurred, and that the injuries suffered by Mrs. Larch were not foreseeable. Accordingly, the claim is disallowed.
Claim disallowed.